**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANDREW REDICK,**

**Plaintiff,**

**v.** **CASE NO. 22-3062-SAC**

**B. JOHNSON, et al.,**

**Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner, proceeds pro se and in forma pauperis.

**Nature of the Complaint**

Plaintiff alleges that he and another prisoner[1] were denied access to the courts. He sues B. Johnson, a mailroom clerk at the Lansing Correctional Facility and the Larned Correctional Mental Health Facility (LCMHF). He seeks damages, unspecified equitable relief, and costs.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant

[1] Because on-line records maintained by the Kansas Department of Corrections show that the other inmate, Malik Yates, was released in November 2020, the court is not persuaded that he signed the complaint. In addition, there is no financial information or showing of payment of a filing fee by Mr. Yates. Mr. Yates is subject to dismissal from this action.

who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id.* However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id.* at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review

for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

**Discussion**

The court has examined the complaint and finds, for the following reasons, that this matter is subject to dismissal.

First, the LCMHF is not a proper defendant in an action under § 1983. It is settled that "a detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001)(unpublished). *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (holding that neither state nor state agency is a "person" which can be sued under Section 1983).

Next, it appears that plaintiff's claim of a denial of access to the courts rests on the defendant's decisions that certain items of his mail were not entitled to free legal postage. For example, the complaint includes notices issued in September 2019 concerning purported legal mail addressed to a television station (Doc. 1, pp.

16-17) and a mailing sent under another prisoner's name (*id.*, p. 18). In other instances, plaintiff was advised by notice that an addressee does not provide legal services to individuals and was notified that he had charged free legal postage to the limit (*id.*, pp. 20 and 34).

As a prisoner, plaintiff has "a constitutional right to 'adequate, effective, and meaningful' access to the courts", and the State, as his custodian, has "'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). The United States Supreme Court recognizes that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 838 (1977).

To state a claim of a denial of access to the courts, a plaintiff must assert that "the denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Plaintiff appears to argue that his mailings were intended to draw attention to his request for legal assistance, and he reasons that the removal of his mailings interfered with his access to the courts. While some of his mailings were removed from the prison mail, the present complaint does not suggest that plaintiff was subjected to unreasonable restrictions, nor has he shown that he was prejudiced in the pursuit of non-frivolous litigation by the actions he describes. Rather, the materials included in the complaint suggest that the defendant examined outgoing mail and determined that plaintiff had not properly used indigent legal postage for its

intended purpose and had exceeded postage limitations and that he had attempted to send mail under another prisoner's name. These actions did not violate plaintiff's constitutional rights. It is long-settled that a prisoner does not enjoy "an unlimited right to free postage in connection with the right of access to the courts." *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978)(citing cases).

Finally, to the extent plaintiff presents unrelated claims, such as health problems and damaged property, he has not identified any acts or omissions by defendant Johnson, and those allegations are not properly brought in this action.

**Order to Show Cause**

For the reasons set forth, this matter is subject to dismissal for failure to state a claim for relief. Plaintiff will be directed to show cause why this matter should not be dismissed. In the alternative, plaintiff may submit an amended complaint that cures the defects noted herein.

An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts

that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

The failure to file a timely response or an amended complaint will result in the dismissal of this matter for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **May 16, 2022**, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein or shall file an amended complaint.

**IT IS SO ORDERED.**

DATED: This 15th day of April, 2022, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge